IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:17-CV-163-BO

JACQUELINE DANIELS EDMONDSON, )
)
    Plaintiff, )
)
v. ) ORDER
)
NANCY A. BERRYHILL, )
*Acting Commissioner of Social Security*, )
)
    Defendant. )

This matter is before the Court on the parties' cross-motions for judgment on the pleadings [DE 17, 19]. The motions have been fully briefed and are ripe for disposition. A hearing on this matter was held in Elizabeth City, North Carolina on January 23, 2019. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED and defendant's motion [DE 19] is DENIED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for a period of disability and disability insurance benefits (DIB) under Title II and supplemental security income (SSI) benefits under Title XVI of the Social Security Act. Plaintiff filed her application on July 9, 2014, alleging disability dating back to December 11, 2009. Plaintiff's application was denied both initially and upon reconsideration. A hearing was held before an administrative law judge (ALJ) on July 27, 2016, at which plaintiff appeared and testified. The ALJ issued a decision in September 2016, finding that plaintiff was not disabled. In October 2013, the Appeals Council denied plaintiff's

request for review, making the ALJ's decision the final administrative decision of the Commissioner.

In November 2017, plaintiff filed the complaint at issue, seeking judicial review of the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). [DE 6]. In April 2018, plaintiff moved for judgment on the pleadings. [DE 17]. Defendant moved for judgment on the pleadings in June 2018. [DE 19].

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted). Courts should not make their own credibility determinations or substitute their own judgments for the judgments of the ALJs. *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

2

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In making a disability determination, the ALJ engages in a sequential five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson*, 434 F.3d at 653. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing). *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is included in the Listing or is equivalent to a listed impairment, disability is conclusively presumed. If the claimant's impairment does not meet or equal a listed impairment, then the analysis proceeds to step four, where the claimant's residual functional capacity is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and residual functional capacity can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, then the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Here, the analysis ended at step four when the ALJ considered plaintiff's residual functional capacity and determined that plaintiff was capable of performing her past work.

Plaintiff argues, and the Court agrees, that the ALJ erred in determining that plaintiff had the residual functional capacity to perform medium work and, therefore, her past relevant work. In determining a claimant's residual functional capacity, an ALJ must consider the claimant's "ability to meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. § 404.1545(a). The assessment is based on all relevant evidence and may include a claimant's own description of limitations, such as pain. *Id.*

"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c). "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," or work that is mostly sedentary but involves "a good deal of walking or standing." 20 C.F.R. § 404.1567(b). "Sedentary work involves lifting no more than 10 pounds at a time," but can also require some standing or walking. 20 C.F.R. § 404.1567(a). In this case, the ALJ determined that plaintiff was capable of performing medium work, and therefore sedentary and light work, as well.

Social Security Ruling 96-8p directs ALJs to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis" before determining the level of work the claimant can perform. *See Monroe v. Colvin*, 826 F.3d 176, 179 (4th Cir. 2016). Social Security Ruling 82-62 provides, in relevant part, that "[d]etermination of the claimant's ability to do [past relevant work] requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and

(3) in some cases, supplementary or corroborative information from other sources." The ALJ did not perform a function-by-function analysis in this case. Defendant argues, however, that the ALJ still provided sufficient explanation for review of the decision. The ALJ ultimately determined that plaintiff could perform medium work and, therefore, her past relevant work as a tire inspector, resulting in a finding that she was not disabled within the meaning of the Act.

Remand is appropriate, however, because the ALJ's finding that plaintiff could perform medium work was not supported by substantial evidence. There are two particular limitations, which plaintiff claims resulting in her leaving her job as a tire inspector, that the ALJ failed to discuss: (1) plaintiff's need for frequent restroom breaks as a result of her irritable bowel syndrome and abdominal pain and (2) plaintiff's lifting restrictions as a result of her chronic back pain and disc bulging. Plaintiff testified that she was required to lift tires, inspect them, place them on a pallet, and then use a forklift to move the pallet to a warehouse. [Tr. 32–33]. She testified that she was required to lift up to 45 pounds and was expected to inspect nearly six hundred tires per shift. *Id.* Additionally, she testified that her stomach and back pain were the cause of her departure from her job. *Id.* In this case, the record does not demonstrate a careful appraisal of plaintiff's statements regarding her limitations, in particular her irritable bowel syndrome and her chronic back pain, and the effect that those limitations have on her ability to perform her past relevant work as a tire inspector. The ALJ also did not take testimony from the vocational expert, who was present at the hearing, before determining that plaintiff was capable of performing her past relevant work. Thus, the ALJ's decision must be reversed and remanded for further proceedings in order to reassess plaintiff's residual functional capacity and her ability to perform past relevant work.

Plaintiff also argues that the ALJ erred in discounting the credibility of plaintiff's statements about her own limitations. While the ALJ is required to consider plaintiff's statements, those statements must be considered alongside the medical evidence and the record as a whole. Given that the ALJ's failure to conduct a function-by-function analysis and discuss all of the relevant evidence of plaintiff's limitations, including her statements as to the severity of her stomach and back pain, is sufficient to require remand, there is no need to consider whether the ALJ erred in considering plaintiff's credibility. On remand, all relevant evidence must be considered in reassessing plaintiff's residual functional capacity.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that remand is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED and defendant's motion [DE 19] is DENIED. The decision of the ALJ is REVERSED and the matter is REMANDED to the Commissioner for further administrative proceedings.

SO ORDERED, this 31 day of January, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

6